UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.D., individually and in her capacity as Parent of O.D., a Disabled Student,<br><br>                                            *Plaintiff,*<br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                                            *Defendant.* | **Complaint**<br><br>Civil No.: 17 –cv- 2687<br><br>ECF Case |

## I. INTRODUCTION, JURISDICTION, AND VENUE

1. Plaintiff M.D., the parent of a student with a disability, brings this action to recover attorneys' fees and costs incurred in litigating a due process hearing brought under, *inter alia*, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.

2. The IDEA authorizes awards of reasonable attorneys' fees to the parent of a child with a disability who prevails in an administrative hearing, pursuant to Section 1415(i)(3)(B)(i). Claims for these fees are brought in federal district court. 20 U.S.C. § 1415(i)(3)(A).

3. Plaintiff was prevailing party in the due process hearing.

4. This court has jurisdiction over the Plaintiff's claim pursuant to 20 U.S.C. § 1415(i)(3)(A) and (B), as an action for an award of reasonable attorney's fees to prevailing parties in administrative proceedings under the IDEA; and under 28 U.S.C. § 1331 as an action raising a federal question.

5. Venue lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) as the judicial district in which defendant NEW YORK CITY DEPARTMENT OF

EDUCATION ("DOE") is partially located,[1] operates public schools, and conducts all of the IDEA due process hearings for New York City, including the administrative hearing giving rise to this claim.

6. This action is timely commenced within three years of the Findings of Fact and Decisions of the Impartial Hearing Officer ("IHO").[2]

## II. PARTIES

7. The Plaintiff M.D. is the mother and legal guardian of O.D., a child with learning disabilities.

8. The Parent and Student are identified by initials in the caption of this action and throughout the Complaint consistent with the spirit of Federal Rule of Civil Procedure 5.2(a).

9. M.D. and O.D. currently, and at all times relevant to this complaint, reside in New York City, New York.

10. Defendant, ("DOE"), is the official body responsible under the IDEA and the New York State Education Law for providing a Free Appropriate Public Education ("FAPE") to New York City residents between the ages of three and twenty-one who have been classified as students with disabilities in need of special education services and who have not yet received a regular high school diploma.

11. Defendant DOE is a municipal corporation whose principal offices are located at 52 Chambers Street, New York, New York 10007.

---

[1] The DOE exercises jurisdiction over public schooling in the five boroughs of the City of New York, which lies partially within the jurisdiction of the Eastern District of New York and partially within the jurisdiction of the Southern District of New York. *See O.D. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 79 (2d Cir. 2005).

[2] The "applicable limitations period to institute an action for attorney's fees is governed by New York state law, NY.C.P.L.R. § 214(2), and is three years from accrual." *See E.A. ex rel. J.V. v. New York City Dep't of Educ.*, 11–CV–1205(LBS), 2011 WL 5346095, at *1 (S.D.N.Y. Nov. 7, 2011).

## III. THE IDEA

12. The IDEA seeks to "ensure that all children with disabilities have available to them a FAPE that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A).

13. The United States Department of Education has promulgated regulations implementing the IDEA, which are currently found at 34 C.F.R. Part 300 *et seq*.

14. New York State implements the IDEA through Article 89 of the New York Education Law and through New York State regulations.

15. New York State, through local school districts, must make a free appropriate public education ("FAPE") available to all eligible children with disabilities residing in the state. Under the IDEA, a FAPE is defined as special education and related services provided in conformity with the requirements of the IDEA. 20 U.S.C. § 1401(9).

16. The Defendant DOE is a school district located in New York City and was at all relevant times responsible for providing a FAPE to O.D. under the IDEA.

17. The IDEA and its state-law counterparts provide procedural safeguards to enable parents and students to challenge the local educational agency's decisions. These safeguards include the right to file a complaint—referred to as a "due process complaint"—requesting a hearing "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A).

18. Due process complaints are resolved through administrative "impartial hearings." *See, e.g.*, 34 C.F.R. §§ 300.511–12. In New York, impartial hearings are presided over by an Impartial Hearing Officer. *See* N.Y. Comp. Codes R. & Regs. tit. 8 (8 NYCRR), §§ 200.1(x),

200.5(j)(3). In New York, which is a "two-tier" state, the DOE has the responsibility to arrange for an impartial hearing and appoint an available Impartial Hearing Officer. *See* 8 NYCRR §§ 200.1(t), 200.2(e)(1), 200.5(j)(3), (j)(3)(ii).

19. The decision of a Hearing Officer is final, but is subject to appeal. *See* 34 C.F.R. § 300.514. In New York, initial appeals of a Hearing Officer's decision are made to a State Review Officer, *see* 8 NYCRR § 200.5(k), after which further review can be sought in either state court or federal district court, *see* 20 U.S.C. § 1415(i)(2).

## IV. FACTUAL BACKGROUND

20. In November 2011, Plaintiff M.D. retained the not-for-profit law firm Partnership for Children's Rights ("PFCR") as legal counsel for the pending case.

21. PFCR is a charitable organization authorized by the Appellate Division of the Supreme Court of the State of New York to provide legal services without fee to low-income families in civil legal matters involving the rights of children in all five boroughs of New York City.

22. PFCR's offices are located in Manhattan.

23. M.D. and O.D. currently, and at all times relevant to this complaint, qualify for free legal services under PFCR guidelines.

24. On October 5, 2012, through attorneys Partnership for Children's Rights ("PFCR"), Plaintiff filed an 18-page due process complaint (the "DPC") that alleged the DOE violated O.D. and the Parent's rights pursuant to the IDEA, New York State Law, and Section 504 of the Rehabilitation Act and O.D. was denied a FAPE during the 2012–2013 school year, and the 2009–2010 and 2010–2011 school years.

25. The DPC included factual allegations and claims contesting aspects of the evaluations, individualized education programs ("IEPs"), placements, and procedural safeguards that were provided by the DOE.

26. The DPC also included allegations that the Parent has limited English proficiency and is monolingual in Spanish.

27. The DPC requested new evaluations of O.D. and prospective funding for make-up instruction and related educational services, an appropriate IEP, and Spanish translation and interpretation services for the Parent as relief.

28. The DOE assigned impartial hearing number 141305 to Plaintiff's action and appointed Impartial Hearing Officer Martin Schiff, Esq. (the "IHO").

29. The impartial hearing was convened on October 18, 2012, November 26, 2012, December 5, 2012, February 12, 2013, May 14, 2013, June 28, 2013, July 8, 2013, July 9, 2013, August 14, 2013, August 21, 2013, September 18, 2013, September 19, 2013, November 27, 2013, December 4, 2013, December 5, 2013, and December 18, 2013.

30. The DOE presented witnesses and documentary evidence at the hearing concerning the evaluation and school-placement of O.D. for the 2012–2013 school year.

31. The Plaintiff sought, and was awarded, funding for an independent Augmentative and Alternative Communication ("AAC") assessment pursuant to an interim order by the IHO issued orally at the June 28, 2013 hearing. On February 26, 2014, the IHO issued a written order that restated the June 28, 2013 interim order for funding of an independent AAC assessment.

32. A written closing statement was submitted by the Plaintiff in February 2014.

33. The IHO issued his Findings of Fact and Decisions ("FOFD") on May 8, 2014. He found in favor of the Plaintiff and concluded that the DOE had denied FAPE to O.D. during the 2010–2011 and 2012–2013 school years.

34. The compensatory relief the IHO awarded the Plaintiff and Student included ordering the DOE to: (a.) prospectively fund 12 hours per week of additional speech services for 12 months, with a bilingual (English-Spanish) provider "skilled in using an [AAC] device appropriate for O.D.; and (b.) an additional 5 hours per week of compensatory Occupational Therapy for a period of 12 months. The IHO also ordered the DOE to (c.) provide an AAC device for O.D. to use at school and home (selected by O.D.'s compensatory speech provider); (d.) obtain a "developmental, visual, perceptual and functional visual motor skills evaluation" of O.D.; (e.) translate O.D.'s educational documents into Spanish for the Parent and provide the Parent with appropriate English-Spanish interpreters at meetings conducted by the DOE concerning O.D.; and (f.) incorporate the services and evaluations ordered into O.D.'s next IEP program.

35. The FOFD was not appealed by the DOE or the Plaintiff.

## CAUSE OF ACTION

36. As set forth in the paragraphs above, the Plaintiff was a prevailing party at the impartial hearing and as such the court, "in its discretion, may award reasonable attorneys' fees and costs" under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(i).

37. The Plaintiff seeks attorneys' fees for the impartial hearing in the amount of **$62,442.00 (sixty-two thousand four hundred forty-two dollars.)** This reflects the work of two PFCR attorneys, four law students, and one bilingual (English-Spanish) interpreter:

   a. **Todd Silverblatt** graduated from Brooklyn Law School in 1978. Mr. Silverblatt has 38 years of litigation experience and has done special education work

exclusively for the last 17 years. He has served as the Executive Director of PFCR for 11 years. Mr. Silverblatt worked on the Plaintiff's due process hearing for a total of 5.1 hours at the rate of $395.00 per hour.

b. **Charles Scholl** is a 2009 graduate of the City University of New York School of Law. Mr. Scholl received a Bachelor of Arts in Elementary Education from Springfield College in 1998 and was a middle-school teacher prior to attending law school. Mr. Scholl is an associate staff attorney at PFCR. He worked on Plaintiff's due process hearing for a total of 186.7 hours at the rate of $275.00 per hour along with 8.6 hours at the rate of $150.00 per hour, and 14.8 hours of travel at the rate of $137.30 per hour.

c. Law students: **Tammy Kom**, a 2014 graduate of Benjamin N. Cardozo School of Law, worked on the Plaintiff's due process hearing while a third-year law student during the summer and fall of 2013, for a total of 9.6 hours at the rate of $150 per hour. **Claire Glasspiegel**, a 2015 graduate of Columbia Law School, worked on the Plaintiff's due process hearing while a second-year law student during the summer of 2013, for a total of 9.6 hours at the rate of $150 per hour. **Meghann Graham**, a 2013 graduate of Brooklyn Law School, worked on the Plaintiff's due process hearing while a third-year law student during the summer and fall of 2012, and **Allison Wilkinson**, a 2014 graduate of New York University School of Law, worked on the Plaintiff's due process hearing while a second-year law student during the summer of 2012. Plaintiff is not seeking compensation for the 2012 work of Mses. Graham and Wilkinson.

  d. **Ana Lazo** graduated from Brooklyn Law School in 2016 with an L.L.M. and graduated from Universidad del Norte, in Barranquilla, Colombia, in 1998 with a law degree. Ms. Lazo provided English-Spanish translation and interpretation for Plaintiff and PFCR, for a total of 16.4 hours at the rate of $150 per hour.

38. The hours expended by the attorneys and staff in connection with this case were reasonable in relation to the services required and performed. PFCR's hours were contemporaneously recorded.

39. The fees requested are based on prevailing hourly rates in the community for similar services provided by attorneys with comparable background and professional experience, consistent with the with the IDEA, 20 U.S.C. § 1415(i)(3)(C).

40. The Plaintiff's retainer agreement with PFCR provides that the organization will not charge the Plaintiff attorneys' fees for its services, but that PFCR may ask a court to order the DOE to pay reasonable fees and costs, and if awarded, PFCR will keep them. The retainer agreement further provides that PFCR is subrogated to any rights that the Plaintiff may have to statutory attorneys' fees or costs payable by the DOE under the IDEA.

41. Through counsel, the Plaintiff has made a written demand upon Defendants for payment of reasonable attorney's costs and fees in connection with PFCR's representation of the Plaintiff and her child at the Impartial Hearing; however, to date has not resolved the issue of attorney's costs and fees.

  WHEREFORE, the Plaintiff prays that this Court:

1. Assume jurisdiction over this action;

2. Award PFCR reasonable attorney's fees and costs in the sum of **$62,442.00 (sixty-two thousand four hundred forty-two dollars)**, together with such additional sums as this Court

may award in connection with PFCR's post-hearing efforts to recover the demanded fees and costs, including reasonable attorney's fees and costs incurred in maintaining this federal court action; and

3. Award such other and further relief as may be just and proper.

Dated: May 4, 2017
New York, New York

/s/ *Todd Silverblatt*
Todd Silverblatt, Esq.
Attorney for Plaintiff
PARTNERSHIP FOR CHILDREN'S RIGHTS
Executive Director
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 223
Fax: (212) 683-5544
tsilverblatt@pfcr.org